UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RENATA SHILOAH, *on behalf of herself*
*and all others similarly situated*,

                      Plaintiff,

    v.

GEICO INDEMNITY COMPANY,

                   Defendant.

**DECISION AND ORDER**

6:24-CV-06447 EAW CDH

## <u>INTRODUCTION</u>

Plaintiff Renata Shiloah ("Plaintiff") brings this putative class action suit against defendant GEICO Indemnity Company ("Defendant" or "GEICO"), alleging breach of contract. (Dkt. 1).  Plaintiff claims that Defendant has "systematically underpaid not just Plaintiff but thousands of other putative Class members" by failing to pay "Actual Cash Value" or "ACV" for total loss vehicles insured with comprehensive and collision coverage.  (*Id.* at ¶¶ 1-3).

Defendant has moved to transfer venue to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). (Dkt. 25).  Plaintiff opposes Defendant's request. (Dkt. 34).  For the reasons that follow, Defendant's motion to transfer venue is denied.

## <u>BACKGROUND</u>

### I.   <u>Factual Background</u>

Plaintiff is a citizen of the state of New York and resides in Nassau County, which is within the geographic boundaries of the Eastern District of New York.  (*See*

Dkt. 1 at ¶ 12).  She was a named insured under a GEICO automobile policy issued for private passenger auto physical damage (the "Policy"). (Dkt. 1 at ¶ 1).  Plaintiff alleges that despite Defendant's Policy requiring ACV payment for vehicles in the event of a total loss, including New York State sales tax, Defendant failed to pay the full sales tax and thus breached the Policy. (*Id.* at ¶¶ 2, 5, 7, 60).

On or about December 28, 2018, Plaintiff's insured vehicle—which she leased—was involved in an accident and determined to be a total loss. (*Id.* at ¶¶ 19, 21).  After Plaintiff filed a claim, Defendant offered Plaintiff an ACV payment that did not include New York State sales taxes, requiring Plaintiff to pay sales tax to replace her total loss vehicle (*Id.* at ¶¶ 24-26).  According to Plaintiff, "[s]ales tax is necessary and a mandatory vehicle replacement cost that must be paid to replace any vehicle in the State of New York," including a leased vehicle.  (*Id.* at ¶¶ 27-28).  Consequently, Plaintiff alleges Defendant breached the Policy. (*Id.* at ¶¶ 32, 61).  Plaintiff brings this action individually and as a putative class action on the grounds that other GEICO customers who suffered total losses to their vehicles were similarly underpaid in settlement of their claims. (*Id.* at ¶¶ 6, 33).

## II.  Procedural Background

Plaintiff commenced this action on July 17, 2024.  (Dkt. 1).  Defendant moved to dismiss the case on August 7, 2024 (Dkt. 4), and that motion remains pending before the Hon. Elizabeth A. Wolford, the presiding District Judge.  Defendant subsequently moved to compel appraisal and to stay the matter pending appraisal (Dkt. 19), and that motion is currently pending before the undersigned.  Both the

motion to dismiss and the motion to compel appraisal and stay are opposed by Plaintiff. (Dkt. 11; Dkt. 23).

On January 23, 2025, Defendant moved pursuant to 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Eastern District of New York because, in Defendant's words, "this lawsuit has no connection to [the Western District of New York] . . . [and] the Eastern District of New York is the District within which Plaintiff and all relevant witnesses reside and all facts giving rise to Plaintiff's Class-Action Complaint occurred." (Dkt. 26 at 4). On February 7, 2025, Plaintiff filed her opposition, arguing that because a related putative class action, *Marcelletti v. GEICO Gen. Ins. Co.*, No. 6:23-CV-06211-EAW-CDH (W.D.N.Y. 2024) ("*Marcelletti*"), has already been filed in this District, a transfer would only "create inconvenience, foster duplication and waste judicial resources." (Dkt. 34 at 9). Defendant filed a reply on February 12, 2025. (Dkt. 36).

Judge Wolford has referred this matter to the undersigned for all pretrial matters, excluding dispositive motions. (Dkt. 29).

## DISCUSSION

## I.    Scope of Magistrate Judge Authority

Federal courts, including courts within this Circuit, "have differed as to whether a motion to change venue is dispositive or non-dispositive in nature." *Fritz v. Realpage, Inc.*, No. 20-CV-7055-CJS-MJP, 2021 WL 3700434, at *1 (W.D.N.Y. Aug. 20, 2021) (collecting cases). Motions to transfer venue are not expressly designated

as "dispositive" in 28 U.S.C. § 636(b). That section, however, does not provide an exhaustive list. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008).

"Most recent district court opinions in the Second Circuit conclude that motions for a change of venue are non-dispositive and therefore 'within the pretrial reference authority of magistrate judges.'" *Fritz*, 2021 WL 3700434, at *1 (quoting *Skolnick v. Wainer*, No. CV 2013-4694, 2013 WL 5329112, at *1 n.1 (E.D.N.Y. Sept. 20, 2013)). The Court agrees with this view.

In determining whether a motion is "dispositive," the Court must analyze "the practical effect of the challenged action on the instant litigation." *Williams*, 527 F.3d 259 at 265. (citation omitted). For instance, the Second Circuit has held that a motion to remand a case to state court for lack of subject matter jurisdiction is dispositive, because it "determine[s] the fundamental question of whether a case [can] proceed in a federal court." *Id.* (citation omitted and first alteration in original). By contrast, a motion to transfer venue does not divest the federal judiciary of jurisdiction, but "merely moves the action from one district to another[.]" *D'Amato v. ECHL, Inc.*, No. 13-cv-646S, 2015 WL 2151825, at *3 (W.D.N.Y. May 7, 2015). "Because granting or denying a motion to transfer venue does not divest the federal judiciary of jurisdiction, this Court will follow the majority view within the Second Circuit, determining that this motion is non-dispositive." *Kimble v. Opteon Appraisal, Inc.*, No. 23-CV-6399-FPG-MJP, 2024 WL 4248968, at *3 (W.D.N.Y. Sept. 20, 2024)

II.    <u>**Transfer to the Eastern District of New York is not Warranted**</u>

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When deciding a motion to transfer venue, the Court considers "(1) whether the action could have been brought in the proposed transferee district, in this case the [Eastern District of New York], and (2) whether transfer is warranted for the convenience of the parties and witnesses, in the interest of justice." *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 18 (S.D.N.Y. 2012).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In making its determination, the Court considers the following non-exhaustive list of factors: (1) "the plaintiff's choice of forum," (2) "the convenience of witnesses," (3) "the location of relevant documents and relative ease of access to sources of proof," (4) "the convenience of parties," (5) "the locus of operative facts," (6) "the availability of process to compel the attendance of unwilling witnesses," and (7) "the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair*, 462 F.3d at 106-07); *see also Winner v. Tryko Partners, LLC*, 333 F. Supp. 3d 250, 266 (W.D.N.Y. 2018) (noting additional factors including, "the forum's familiarity with governing law, . . . the

weight accorded to [p]laintiff's choice of forum, and [] trial efficiency and the interests of justice, based on the totality of the circumstances") (internal quotation marks omitted).  The moving party must show by clear and convincing evidence that the balance of convenience and the interests of justice favor the requested transfer. *See N.Y. Marine & Gen. Ins. Co.,* 599 F.3d at 113-14.

As there is no dispute that this action could have been brought in the Eastern District of New York (*see* Dkt. 34 at 14), the Court moves directly to its assessment of the factors relevant to the balance of convenience and the interests of justice.

## A.    Plaintiff's Choice of Forum

Defendant argues that Plaintiff's choice of forum is entitled to little weight because this action does not have sufficient ties to this District. (Dkt. 26 at 4).  In response, Plaintiff contends that a related putative class action lawsuit filed in this District, *Marcelletti*, involves "the exact same form policy contract . . .[and] the same breach of contract claim."  (Dkt. 34 at 7).  Plaintiff states that these facts are "precisely why [she] chose to file in this forum and relate the cases." (*Id.*).[1]

Although a plaintiff's choice of forum is generally entitled to substantial deference in the transfer analysis, in class action cases, it is a less significant consideration. *See In re Warrick,* 70 F.3d 736, 741 n. 1 (2d Cir. 1995); *IBJ Schroeder Bank & Trust Co. v. Mellon Bank, N.A.,* 730 F. Supp. 1278, 1282 (S.D.N.Y. 1990).

---

[1]    Upon commencing this action, and pursuant to Local Rule of Civil Procedure 5.1(e), Plaintiff's counsel advised the Court that this matter was related to *Marcelletti* and requested that it—like *Marcelletti*—be assigned to Chief Judge Wolford.  (Dkt. 2).

"The reason [for this] is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *Goggins v. Alliance Capital Mgmt., L.P.,* 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003).  Further, "[w]here the selected forum is not connected in a meaningful way to the operative facts and is not the plaintiff's residence, the deference to the chosen forum is significantly diminished." *EasyWeb Innovations, LLC v. Facebook, Inc.,* 888 F. Supp. 2d 342, 349 (E.D.N.Y. 2012).

Here, it is undisputed that Plaintiff does not reside in this District and that the operative facts have no more connection to this District than to the Eastern District of New York.  Plaintiff also seeks to represent a putative class of similarly situated GEICO insureds located across the New York State. [2]  On the other hand, and as discussed further below, the Court agrees with Plaintiff that the pendency of the related *Marcelletti* action was a legitimate basis for her choice of forum.  Under the circumstances, the Court finds that Plaintiff's choice of forum is entitled to some weight, but not a substantial amount.

B.    **Convenience of Witnesses**

"Convenience of the witnesses is perhaps the most important consideration in determining whether transfer is appropriate." *Adirondack Transit Lines, Inc. v. Greyhound Lines, Inc.,* No. 1:15-CV-01227 (LEK)(CFH), 2016 WL 5415772, at *5

---

[2]    The putative class consists of thousands of individuals holding insurance policies with Defendant throughout the state of New York. (Dkt. 1 at¶ 36).  No determination has yet been made as to whether Plaintiff's claims are maintainable as a class action.

(N.D.N.Y. Sept. 28, 2016). "To carry its burden on this factor, a defendant must provide the Court with a list of probable witnesses who will be inconvenienced by the current forum and a general statement of what the witnesses' testimony will cover." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 375 (W.D.N.Y. 2018) (quotation omitted). Further, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Id.* (quotation omitted).

Defendant's motion papers identify Gary Bellesheim as the Auto Damage Adjuster employed by Defendant who adjusted Plaintiff's total loss claim. (*See* Dkt. 26 at 4-5; Dkt. 26-1 at ¶ 3). However, Defendant's papers do not clearly identify Mr. Bellesheim as a <u>probable</u> witness—instead, Defendant repeatedly refers to Mr. Bellesheim as a "relevant witness."[3] (*See* Dkt. 36 at 6-7). Defendant does not state that it intends to call Mr. Bellesheim as a witness, and Plaintiff has disavowed any intent to do so. (*See* Dkt. 34 at 16-17). The record before the Court does not establish

---

[3] While Defendant argues in reply that Plaintiff also mentions Kevin Costigan as a "relevant witness" in her opposition papers (*see* Dkt. 36 at 5), neither Plaintiff nor Defendant identify Mr. Costigan as a probable witness or detail his potential testimony (*See* Dkt. 34 at 15-17; Dkt. 36 at 5). Further, the *movant* must identify probable witnesses and the anticipated content of their testimony. *See Ruiz ex rel. E.R. v. U.S.*, No. 13-CV-1241 KAM SMG, 2014 WL 4662241 at *11 (E.D.N.Y. Sept. 18, 2014); *see also Carson Optical, Inc. v. Hawk Importers, Inc.*, No. 12-CV-1169 (JS) (GRB), 2013 WL 12370815 at *2 (E.D.N.Y. Feb. 12, 2013) (affording the convenience of witnesses factor little weight where the movant failed to attach "a declaration or affidavit detailing the potential witnesses and the expected substance of their testimony").

by clear and convincing evidence that Mr. Bellesheim is a probable witness in this case.

Moreover, Defendant has not provided an adequate description of Mr. Bellesheim's anticipated testimony. Defendant states in vague terms that Mr. Bellesheim adjusted Plaintiff's total loss claim, "communicat[ing] with Plaintiff throughout that process[.]" (Dkt. 36 at 6). Defendant then argues that Mr. Bellesheim might have relevant testimony in this case, because "if GEICO Indemnity paid $10,000 to settle a claim for the total loss of a leased vehicle, but the value of that vehicle was actually only $9,000, then any sales tax allegedly owed has already effectively been paid, and then some, meaning there is no breach, no injury, and thus no claim." (Dkt. 36 at 6-7). Defendant fails to explain what information Mr. Bellesheim possesses that is relevant to this potential factual dispute, making only general references to "[t]he facts surrounding the adjustment and settlement of Plaintiff's total loss claim." (*Id.* at 7).

"Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue under § 1404(a)." *EasyWeb Innovations, LLC*, 888 F. Supp. 2d at 352 (citation omitted). It is the moving party's burden to establish that the witnesses they have identified are likely to testify at trial and that their anticipated testimony would be material to the facts at issue. Defendant has not done so here. "Thus, at this point, the Court finds that this factor

is neutral as it relates to the transfer analysis." *Id.*; *see also Winter v. Am. Inst. of Med. Scis. & Educ.*, 242 F. Supp. 3d 206, 216 (S.D.N.Y. 2017).

## C.    Location of Relevant Documents and Ease of Access to Proof

"The location of documents is 'not a compelling consideration when records are easily portable.'" *Flowserve Corp. v. BMCE, Inc.*, No. 05 Civ. 8075 (WHP), 2006 WL 2927176, at *4 (S.D.N.Y. Oct. 12, 2006) (*quoting Astor Holdings, Inc. v. Roski*, No. 01 Civ. 1905 (GEL), 2002 WL 72936, at *12 (S.D.N.Y. Jan. 17, 2002)); *see also Travelers Prop. Cas. Co.*, 324 F. Supp. 3d at 379 ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."). Here, the parties agree this factor has a neutral impact on the transfer analysis. (*See* Dkt. 26 at 7; Dkt. 34 at 31).  The Court finds that this factor neither supports nor disfavors transfer.

## D.    Convenience of Parties

The Court next considers the convenience of the parties. Defendant's argument that the convenience of the parties favors transfer rests almost exclusively on the notion that Plaintiff would be better served litigating her case in the Eastern District of New York, where she resides. (*See* Dkt. 26 at 6; Dkt. 36 at 5, 7-8).  However, Plaintiff chose this forum herself and represents that it is not inconvenient to her to litigate here.  (*See* Dkt. 34 at 20).  Considering "the conveniences of modern air travel," *Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 378, the Court does not

find it appropriate to grant a transfer that Plaintiff strenuously opposes for the ostensible purpose of increasing convenience to her.

Defendant also proffers no argument that it would be more convenient for it to litigate this case in the Eastern District of New York, rendering this factor neutral in the Court's analysis.[4] *See Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014) (explaining that this factor generally "favors transfer when transfer would increase convenience to the moving party"); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991) (finding that this factor does not favor transfer when a transfer provides no difference in convenience for the moving party).

## E.   Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007) (quotation omitted), *aff'd sub nom New York Marine & Gen. Ins. Co.*, 599 F.3d at 102. "To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 379 (quotations omitted).

---

[4]     Plaintiff makes a cursory argument that "it is worth noting that GEICO has no counsel who have offices in the Eastern District," but has one attorney who has an office in this District. (Dkt. 34 at 20 n. 2;).  In response, Defendant argues that "Plaintiff cannot genuinely dispute that transfer will also convenience her Counsel, who have offices in New York, New York and in New City, New York, both of which are significantly closer to the Eastern District of New York[.]" (Dkt. 36 at 8).  Given that "the convenience of counsel is not of particular importance" to a venue transfer analysis, the Court affords the parties' arguments regarding this matter little weight. *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 29 (S.D.N.Y. 2016).

In assessing this factor, it is important to consider the nature of Plaintiff's claims. Plaintiff purports to represent potentially thousands of individuals holding insurance policies with Defendant throughout the state of New York, including in this District and in the Eastern District of New York. (*See* Dkt. 1 at ¶ 36). She further contends that Defendant had a uniform corporate practice of not paying ACV and that the "material and relevant policy terms for each member of the" putative class are "substantially identical" to the terms of the Policy. (*Id*. at ¶ 38).

In a putative class action, where the individual named plaintiff's harm occurred "is of little importance in determining the locus of operative facts." *Craig v. Am. Tuna, Inc.*, No. 21-CV-9125 AJN KHP, 2022 WL 989763, at *4 (S.D.N.Y. Apr. 1, 2022); *see also Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 381 (weighing this factor less heavily where "the locus of operative facts is split amongst several forums"); *Hicks v. T.L. Cannon Corp.*, No. 12-CV-6517T, 2013 WL 2423782, at *5 (W.D.N.Y. Jun. 4, 2013) (holding "there [was] no single locus of operative facts in [the] action [because] Plaintiffs purport[ed] to represent hundreds of tipped employees who worked in different restaurant[s] throughout the state.").

Here, Defendant has not demonstrated that the locus of operative facts is in the Eastern District of New York. For example, Defendant does not contend that its corporate policies were formulated in the Eastern District of New York. The Court accordingly finds this factor neutral to the transfer analysis.

### F.    Availability of Compulsory Process

The availability of compulsory process factor "requires a consideration of the Court's power to compel attendance of unwilling witnesses, as a district court only can subpoena witnesses within the district or within 100 miles of the [court]." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006); *see* Fed. R. Civ. P. 45(c)(1)(A). This factor, however, is "generally relevant only with respect to third-party witnesses, because employee witnesses are subject to compulsory process in [certain] forum[s] by virtue of their employment relationship with a party." *Ruiz ex rel. E.R. v. U.S.*, No. 13-CV-1241 KAM SMG, 2014 WL 4662241 at *11 (E.D.N.Y.  Sept. 18, 2014); *see also Fuji Photo Film Co.*, 415 F. Supp. 2d at 375 (noting that "parties can compel the testimony of their own employees without the need for subpoena"); *Race Safe Sys., Inc. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1111 (N.D.N.Y. 2003) ("Employees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship.") (citation omitted).

The parties agree this factor has a neutral impact on the transfer analysis in this case.  (*See* Dkt. 26 at 7; Dkt. 34 at 31).  The Court finds this factor neither supports nor disfavors transfer. *See Stewart v. Stewart*, No. 1:18-CV-201, 2019 WL 13235434 at *9 (W.D.N.Y. 2019) (noting that availability-of-process factor "concerns the availability of process to compel *unwilling* witnesses")

### G.    Relative Means of the Parties

Because  Plaintiff  seeks  to  represent  thousands  of  individuals  holding insurance policies with Defendant, the relative means of the parties do not favor or

disfavor transfer. *See Baltimore v. Toyota Motor Credit Corp.*, No. 00 CV 8415 (RCC), 2001 WL 637377 at *2 (S.D.N.Y. June 8, 2001) (holding that "[b]y filing a class action, Plaintiffs have essentially placed themselves on equal footing with Defendant with respect to their means"). In this case, Defendant is a sophisticated company with the apparent means to litigate this case in this District. Therefore, the Court determines this factor is neutral.

**H.    Familiarity with the Governing Law**

"The forum's familiarity with the governing law is neutral in the Court's analysis. Both the districts frequently apply New York Law[.]" *Cameron v. Prosegur Servs. Grp., Inc.*, No. 23-CV-8789 (DLI)(TAM), 2024 WL 4145742, at *2 (E.D.N.Y. Sept. 11, 2024).

**I.    Judicial Economy and the Interests of Justice**

For all these reasons, the Court finds that Plaintiff's choice of forum weighs slightly against transfer and that the remaining factors are neutral. The Court further finds that the interests of justice and judicial economy strongly disfavor the transfer of this case, considering there is a related case pending in this District— *Marcelletti*—involving an essentially identical legal claim, a related defendant, the same counsel for both Plaintiff and Defendant, and a significant overlap in discovery. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *see also Fuji,* 415 F. Supp. 2d at 376 ("it is

well established that the existence of a related action pending in the transferee court weighs heavily towards transfer"); *Williams v. City of N.Y.*, No. 03 CIV. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) (the "existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative").

The Court is unpersuaded by Defendant's allegations of forum shopping on Plaintiff's part. (Dkt. 26 at 6-7).[5] "Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002). A desire to have "related actions . . . heard in a single forum does not constitute impermissible forum shopping[.]" *Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *8 (C.D. Cal. Jan. 5, 2015) (quotation omitted). To the contrary, federal courts have found that filing suit in a district *other* than one where a related matter is pending "suggests the possibility of forum shopping." *W. Watersheds Project v. Nat'l Park Serv.*, No. 1:21-CV-00219-DCN, 2021 WL 5828028, at *5 (D. Idaho Dec. 8, 2021).

Plaintiff's papers indicate she selected this forum because a related case, *Marcelletti*, involving "the exact same form policy contract . . .[,] the same breach of contract claim[,]" and "the same defense counsel" is pending in this District. (Dkt. 34 at 7, 11). Defendant does not cite any conflicting precedent between this District and

---

[5]    The Court finds equally unpersuasive Plaintiff's assertion that it should "question GEICO's motives for seeking" transfer and conclude that it is actually Defendant who is "judge shopping." (Dkt. 34 at 30).

the proposed transferee district, both of which are located in the same Circuit. It is well established that "litigating related actions in the same tribunal fosters efficient case administration, avoids needless expense, and avoids the risk of conflicting rulings." *Delaware Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 520 (S.D.N.Y. 2015); *see also Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012).[6]

For all these reasons, the Court finds that Defendant has not shown by clear and convincing evidence that the balance of convenience and the interests of justice weigh in favor of transfer to the Eastern District of New York. Defendant's motion to transfer venue is accordingly denied.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to transfer venue. (Dkt. 25). The other pending motions in this matter will be decided in due course.

SO ORDERED.

_COLLEEN D. HOLLAND_
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
          March 11, 2025

---

[6]     The Court is unpersuaded by Defendant's attempt to argue that this case and *Marcelletti* are not related. (*See* Dkt. 36 at 11-12). Defendant does not dispute that this matter and *Marcelletti* involve the same issue and require interpretation of the same contract language used by two related entities.