UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RENATA SHILOAH, on behalf of herself
and all others similarly situated,

                Plaintiff,                    **ORDER**

                v.                          6:24-CV-06447 EAW

GEICO INDEMNITY COMPANY,

                Defendant.
_____

Plaintiff Renata Shiloah ("Plaintiff") brings this putative class action against defendant GEICO Indemnity Company ("GEICO" or "Defendant"), asserting a claim for breach of contract based on Defendant's failure to pay sales tax for total loss vehicles that are leased. (Dkt. 1). Defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 4).

The pending motion raises the same issues that the Court previously addressed in *Marcelletti v. GEICO Gen. Ins. Co.*, 720 F. Supp. 3d 243 (W.D.N.Y. 2024). That case involves the same attorneys as involved in the present litigation. Yet, surprisingly, GEICO's counsel avoided any reference to the *Marcelletti* decision in its motion to dismiss. Appropriately, Plaintiff's counsel highlighted this failure in its opposition papers. But in reply, GEICO's counsel persisted with the tactic of largely ignoring the *Marcelletti* decision, simply stating in a footnote that it disagreed with the decision and it was "not controlling." (Dkt. 12 at 4 n.2). Of course, Defendant is free to disagree with the Court's

prior decision. But to ignore it and then, when confronted with that failure, to dismiss it in a cursory footnote, is to say the least not persuasive advocacy.

In any event, for the same reasons that the Court already addressed in *Marcelletti*, it finds that Plaintiff's proffered interpretation of the policy is not unreasonable—to require actual cash value to include the payment of sales tax on a leased vehicle. As a result, the motion to dismiss must be denied. In other words, while GEICO takes a somewhat different tactic in crafting some of its arguments as compared to the way they were presented in *Marcelletti*, in the end it makes no difference in the resolution of the motion to dismiss. That is because even if New York law is correctly interpreted as argued by GEICO to <u>not require</u> the payment of sales tax on leased total loss vehicles, this does not mean that GEICO was prohibited from contractually agreeing to pay sales tax. And again, Plaintiff's proffered interpretation of the policy as requiring the payment of sales tax is not unreasonable. (*See* Dkt. 11 at 12 (Plaintiff contending that the policy's definition of "actual cash value" as "the replacement cost of the auto or property less depreciation or betterment" is reasonably interpreted to include sales tax and collecting cases holding the same)).

Therefore, Defendant's motion to dismiss (Dkt. 4) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  March 12, 2025
        Rochester, New York