UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

RENATA SHILOAH, *on behalf of herself*
*and all others similarly situated*,

                    Plaintiff,

    v.

GEICO INDEMNITY COMPANY,

                    Defendant.

———————————————————————

**DECISION AND ORDER**

6:24-CV-06447 EAW CDH

## INTRODUCTION

Plaintiff Renata Shiloah ("Plaintiff") commenced this putative class action suit against defendant GEICO Indemnity Company ("Defendant" or "GEICO Indemnity"), asserting a claim for breach of contract based on Defendant's failure to pay sales tax as part of the "Actual Cash Value" or "ACV" for total loss vehicles.[1] (Dkt. 1).

Presently before the Court is Plaintiff's motion to appoint Feinstein Doyle Payne & Kravec, LLC, Vozzolo LLC, and Normand PLLC as co-lead interim class counsel. (Dkt. 58). For the reasons below, Plaintiff's motion is denied without prejudice.

---

[1] A related action, *Marcelletti v. GEICO General Insurance Company*, Civil Action No: 6:23-cv-6211 (W.D.N.Y.), involving an identical breach of contract claim for unpaid sales tax against a different GEICO entity is also pending in this Court. Familiarity with this action and the *Marcelletti* action is assumed for purposes of the instant motion.

## BACKGROUND

This case has been referred to the undersigned for all pre-trial matters excluding dispositive motions. (Dkt. 29).

Plaintiff commenced this action on July 17, 2024 by filing a class action complaint. (Dkt. 1). The complaint identifies Feinstein Doyle Payne & Kravec, LLC, Vozzolo LLC, and Normand PLLC (hereinafter referred to, collectively, as "Plaintiff's Counsel") as "Counsel for Plaintiff and the Proposed Class." (*Id.* at 13).

A Rule 16 scheduling conference was set in this matter for May 14, 2025. (Dkt. 46). For putative class actions in this District, Local Rule of Civil Procedure 16 provides that parties should be prepared at their initial scheduling conference to discuss the appointment of interim class counsel. Loc. R. Civ. P. 16(b)(3)(G)(ii). On May 8, 2025, the parties submitted a proposed discovery plan, which described several disagreements between the parties regarding management of this case. (*See* Dkt. 52). The appointment of interim class counsel was one such point of disagreement. Plaintiff's position was that "the designation of interim class counsel is necessary and appropriate to safeguard the interests of the proposed Class" because "[e]ntrepreneurial plaintiffs' counsel may piggyback off the efforts [of] Plaintiff's [C]ounsel by filing duplicative cases, setting up the potential for a reverse auction whereby competing firms may be pitted against one another to secure a favorable settlement for defendants." (*Id.* at 15-16). By contrast, Defendant's position was that "it is not necessary for, and there would be no benefit from, an appointment of interim class counsel," because Plaintiff has not identified any overlapping

litigation or competing counsel. (*See id.* at 16-18). At a continued scheduling conference on May 20, 2025, the Court advised Plaintiff's Counsel to file a motion if it sought to be appointed as interim class counsel. (*See* Dkt. 55).

Plaintiff filed the instant motion to appoint Plaintiff's Counsel as co-lead interim class counsel on May 30, 2025. (Dkt. 58). In her motion, Plaintiff identifies a purportedly overlapping class action in the Eastern District of New York, *See, et al. v. Gov't Employees Ins. Co., et al.*, No. 21-cv-547 (E.D.N.Y.) ("*See*"). (Dkt. 59 at 6). At the time Plaintiff filed her motion, the *See* plaintiffs had a pending motion to amend their complaint to add, according to Plaintiff, "claims for unpaid sales tax on behalf of classes defined to include GEICO Indemnity insureds."[2] (*Id.*). Although Plaintiff argued that these claims were "destined to fail," she asserted that appointment of interim class counsel was still necessary because the *See* claims "create a variety of challenges for litigation and any appeals, and threaten to prejudice Class members' claims" in this case. (*Id.* at 18). Defendant filed a response to Plaintiff's motion, continuing to assert that appointment of interim class counsel is unnecessary (Dkt. 60 at 5-6), and Plaintiff filed a reply (Dkt. 61).

---

[2]     According to Plaintiff, briefing on the motion to amend in *See* was submitted on May 7, 2025. (Dkt. 59 at 15). But it is unclear whether Plaintiff's Counsel was aware of the motion when they filed the proposed discovery plan in this matter, in which they represented that appointment of interim lead counsel was necessary without specific reference to the *See* action. Defense counsel was certainly aware of the pending motion to amend in *See* at the time the proposed discovery plan was filed, as defense counsel in this action also represents the GECIO defendants in *See*. (*See id.*).

On July 30, 2025, Plaintiff filed a notice apprising the Court that the pending motion to amend the complaint in *See* had been granted in its entirety.[3] (Dkt. 62). Plaintiff also attached a copy of the magistrate judge's decision on the motion.[4] (Dkt. 62-1). On August 4, 2025, Defendant filed a reply to Plaintiff's notice, notifying the Court that it had filed objections to the magistrate judge's decision in *See*. (Dkt. 63).

## DISCUSSION

## I.  Legal Standard to Appoint Interim Class Counsel

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). While neither the Federal Rules nor the Advisory Committee Notes prescribe a specific standard for designating interim class counsel, courts generally apply the factors set forth in Rule 23(g)(1)(A), which governs appointment of class counsel once a class is certified. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). These factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

---

[3]    The Court notes that in granting the motion to amend in *See*, the magistrate judge did not specifically discuss a proposed breach of contract claim for unpaid sales tax against GEICO Indemnity.

[4]    By contrast, Plaintiff did not make the *See* motion or any of the associated briefs part of the record by filing them as exhibits to the instant motion.

Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

When deciding a motion to appoint interim class counsel, a court must first find that such an appointment is necessary. *Melville v. HOP Energy, LLC*, No. 21-CV-10406, 2024 WL 2240280, at *2 (S.D.N.Y. May 17, 2024). "Generally, courts will appoint interim class counsel only in the event that there are 'a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated,' with multiple attorneys vying for class counsel appointment." *Sullivan v. Barclays PLC*, No. 13 CIV. 2811 PKC, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (quoting Federal Judicial Center, Manual for Complex Litigation § 21.11 (4th ed. 2004)). "In the absence of such competing lawsuits, the work that otherwise would be done by interim class counsel is done by the counsel who appears on behalf of the named plaintiff seeking to represent the class." *City of Providence, R.I. v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *7 (S.D.N.Y. Oct. 13, 2020). As one court has explained:

> By prematurely selecting the named plaintiff's counsel as interim class counsel, before there is any efficiency served by that selection, the Court can only be sending a message that it has prejudged the issue, granting that lawyer pride of position and perhaps unnecessarily deterring those who otherwise might be better able to represent the absent class members from entering the competition.

*Id.*

## II.    <u>Appointment of Interim Class Counsel is Not Necessary</u>

The Court finds that Plaintiff has not demonstrated that appointment of interim class counsel is necessary at this time. This is far from the typical situation requiring appointment of interim class counsel. Plaintiff's Counsel are the only attorneys litigating this action on behalf of a single named plaintiff. Consequently, there is no need to "clarif[y] responsibility for protecting the interests of the class during precertification activities." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (quotation omitted).

Moreover, Plaintiff's Counsel, as the only attorneys litigating this action, are requesting to be appointed as co-lead interim class counsel, and have, in their own words, "demonstrated . . . their ability to work together to manage the litigation expeditiously." (Dkt. 59 at 7). Thus, there is no "rivalry or uncertainty that makes formal designation of interim class counsel appropriate." Fed. R. Civ. P. 23, Advisory Committee's Notes to 2003 Amendments; *see also Sullivan*, 2013 WL 2933480, at *1 ("When a putative class action consists of a single case brought by two law firms working in apparent harmony, the rationale behind the appointment of interim class counsel is diminished.").

Appointing Plaintiff's Counsel as interim class counsel would merely serve to preserve the status quo. Such appointments are unnecessary because "[w]hether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 70 (S.D.N.Y. 2006)

(quoting Fed. R. Civ. P. 23, Advisory Committee's Notes to 2003 Amendments); *see also In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) ("it is not necessary to appoint interim class counsel merely to maintain the *status quo*").

In addition, Plaintiff fails to demonstrate that the amended complaint in *See* necessitates appointment of interim class counsel.[5] The existence of a related action in a different court "does not automatically create a rivalry or uncertainty between counsel as to who should be appointed lead counsel." *Dhruva v. CuriosityStream Inc.*, No. CV SAG-23-2265, 2024 WL 712467, at *4 (D. Md. Feb. 21, 2024) (quotation omitted). As it stands, there is no confusion that Plaintiff's Counsel is responsible for protecting the interests of the putative class. *See id.*

The Court also gives minimal weight to the supposed threat of a "reverse auction."[6] (*See* Dkt. 59 at 14). Contrary to Plaintiff's suggestion (*see* Dkt. 61 at 3), it is not appropriate for the Court to consider the adequacy or relative effectualness of

---

[5] In light of Defendant's August 4, 2025 sur-reply (Dkt. 63), the Court notes that the reasons underlying this Decision and Order are unlikely to be affected by the district court's ruling on the *See* defendants' objections. Accordingly, there is no need to wait until that ruling is issued to resolve the instant motion.

[6] "A 'reverse auction' is 'the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.'" *Mirkin v. XOOM Energy, LLC*, No. 18-CV-2949-ARR-RER, 2020 WL 13890926, at *2 n.2 (E.D.N.Y. Sept. 6, 2020) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002)). However, appointment of interim class counsel does not preclude a defendant from reaching settlement with counsel for the putative class in a separate action. *See, e.g.*, *Melville v. HOP Energy, LLC.*, No. 21-CV-10406, 2024 WL 4224850, at *2 (S.D.N.Y. Sept. 18, 2024).

counsel in a case before a different court on an obviously one-sided record. Under Plaintiff's reverse auction theory, the appointment of Plaintiff's Counsel as interim class counsel would give them leverage over the *See* plaintiffs' counsel to negotiate a settlement on behalf of the putative class, even though the *See* plaintiffs' counsel did not have notice or an opportunity to be heard on this motion. (*See* Dkt. 59 at 14). The Court is not inclined to facilitate such a consequence without a more fulsome record informing the propriety of its decision—specifically, whether the decision would best serve the interests of the putative class.[7] *See Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 4876213, at *3 (S.D. Ohio May 20, 2021) ("Because this action and *Desai* are not consolidated, the parties in *Desai* have not had an opportunity to be heard and to contest Plaintiffs' representations about the *Desai* counsel and the interests of the putative class.").

This concern reinforces why many courts find appointment of interim class counsel to be premature when the related actions are pending in different courts or have not yet been consolidated. *See Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (collecting cases). Where, as here, Plaintiff's Counsel's purported rivals are *in absentia*, the Court is unable to conclude that granting Plaintiff's motion would best serve the interests of the putative class. *See Davis*, 2021 WL 4876213, at *3; *Navarrete v. Hill's Pet Nutrition,*

---

[7] The Court is also not inclined to give substantial weight to Plaintiff's representations regarding the *See* plaintiffs' counsel when (1) Plaintiff previously relied on their efforts in an earlier motion in this action (*see* Dkt. 23), and, (2) despite Plaintiff teeing up the *See* plaintiffs' motion to amend as "destined to fail," the motion was ultimately granted.

*Inc.*, No. C 19-00767 WHA, 2019 WL 1932388, at *1 (N.D. Cal. May 1, 2019); *Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-CV-864 (WHW-CLW), 2017 WL 215969, at *3 (D.N.J. Jan. 18, 2017). Appointment at this juncture may, instead, "preemptively limit a full airing and evaluation" of possible candidates, should the possibility of consolidation arise. *Sullivan*, 2013 WL 2933480, at *1.

In sum, Plaintiff has not demonstrated how this litigation would benefit from appointment of interim class counsel, or how the interests of the putative class would be best served by appointing Plaintiff's Counsel to that role. Plaintiff's motion is therefore denied without prejudice. If circumstances change, Plaintiff may renew her motion, and the Court will consider the issue anew and, if necessary, determine Plaintiff's Counsel's adequacy to serve as interim class counsel under Rule 23(g)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint Plaintiff's Counsel as co-lead interim class counsel (Dkt. 58) is denied without prejudice.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:  Rochester, New York
        August 12, 2025

- 9 -