UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RENATA SHILOAH, *on behalf of herself and all others similarly situated*,

                Plaintiff,

v.

GEICO INDEMNITY COMPANY,

                Defendant.
_____

**DECISION AND ORDER**

6:24-CV-06447 EAW CDH

## INTRODUCTION

In this putative class action, plaintiff Renata Shiloah ("Plaintiff") asserts a claim for breach of contract based on defendant GEICO Indemnity Company's ("Defendant" or "GEICO") failure to pay sales tax as part of the "actual cash value" for total loss vehicles. (Dkt. 1).

Pending before the Court is Plaintiff's motion for an order requiring Defendant to "further respond" to Plaintiff's requests for admission and, if necessary, to modify the Scheduling Order entered in this case.[1] (Dkt. 82). For the reasons below, Plaintiff's motion is granted in part and denied in part. The Court further concludes that it is unnecessary to modify the Scheduling Order.

---

[1] Though not styled as such, Plaintiff's motion seeks to invoke the Court's authority to determine the sufficiency of answers or objections to requests for admission under Federal Rule of Civil Procedure 36(a)(6). To clarify, this is distinct from a motion to compel discovery pursuant to Rule 37(a). *See, e.g., Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 83 (E.D. La. 2024).

## BACKGROUND

This case has been referred to the undersigned for all pretrial matters excluding dispositive motions. (Dkt. 29). Familiarity with the background of this case is assumed and the procedural history of this matter is discussed only in relevant part.

Plaintiff commenced this action on July 17, 2024. (Dkt. 1). On August 22, 2025, the Court issued a Scheduling Order, which provides that the parties may engage in an initial period of non-expert fact discovery in connection with Plaintiff's anticipated motion for class certification, to be completed by October 15, 2025. (Dkt. 65 at 1-2).

On September 9, 2025, Plaintiff served her second set of requests for admission ("RFAs"). (Dkt. 83 at ¶ 5). The instant motion concerns a dispute over RFAs 8 and 11 in Plaintiff's second set of requests. As initially served, RFA 8 stated:

> 8. Admit that when adjusting first party claims for total loss by Your New York policyholders during the Relevant Time Period You elected to make a cash settlement as that phrase is used in 11 NYCRR § 216.7(c).

(Dkt. 83-1 at 5). As initially served, RFA 11 stated:

> 11. Admit that the valuation reports You obtained from CCC Intelligent Solutions Inc. to determine the values of the total loss vehicles when adjusting first party claims for total loss by Your New York policyholders during the Relevant Time Period were generated using a computerized database.

(*Id.* at 6).

On October 9, 2025, Defendant served its objections and responses to Plaintiff's second set of requests for admission. (Dkt. 83 at ¶ 12). Defendant interposed general and specific objections. One of Defendant's specific objections to RFAs 8 and 11 was

that they would "require[] an individual claim file by claim file review of every first-party total loss claim GEICO adjusted in New York between July 17, 2018 and the present." (Dkt. 83-2 at 3-4, 6-7). After interposing its objections, Defendant responded to RFA 8 as follows:

> Subject to and without waiving these objections, GEICO DENIES this Request as GEICO could not respond to this Request without reviewing each of the tens of thousands of first-party total loss claims GEICO adjusted in New York between July 17, 2018 and the present, which is unduly burdensome and not appropriate for a putative class action.

(*Id.* at 4). Defendant's response to RFA 11 was identical. (*Id.* at 7).

The parties subsequently corresponded with each other about Defendant's responses via letter and held a meet and confer on October 28, 2025. (Dkt. 83 at ¶ 15). Following their meet and confer, the parties each submitted letters to the Court outlining the dispute over the RFAs and the parties' respective positions. On November 18, 2025, the Court held a telephonic discovery conference with the parties and directed them to make further efforts to meet and confer. (Dkt. 77). The parties held another meet and confer on November 25, 2025. (Dkt. 83 at ¶ 23). Following this meet and confer, Plaintiff proposed revising RFA 8 to instead refer to GEICO's "general practice, policy, or procedure" regarding cash settlements. (*Id.* at ¶ 25). Defendant responded by asserting that this proposed revision would constitute a brand new RFA and objected on the grounds that the initial period of non-expert, class-focused fact discovery had closed. (*Id.* at ¶ 26).

After the parties could not agree informally to a rewording of RFAs 8 and 11, Plaintiff served a revised set of RFAs on December 4, 2025. (*Id.* at ¶ 29). Plaintiff's revised RFA 8 ("Revised RFA 8") requests:

> 8. Admit that when adjusting first party claims for total loss by Your New York policyholders during the Relevant Time Period it was Your general practice, policy, or procedure to elect to make a cash settlement as that phrase is used in 11 NYCRR § 216.7(c).[2]

(Dkt. 83-6 at 5). Plaintiff also revised RFA 11. (*Id.* at 6).

On December 11, 2025, Defendant served amended objections and responses to Plaintiff's revised set of RFAs. (Dkt. 83 at ¶ 30). Defendant formally objected to Revised RFA 8 on the grounds that it "constitutes a new and different Request that was not timely served[.]" (Dkt. 83-7 at 4). Defendant also amended its response. The amended response to Revised RFA 8 states:

> Because Plaintiff purports to serve this Request beyond the Court-imposed deadline to complete all class focused fact discovery, GEICO need not and does not respond to this Request. To the extent a response is nonetheless required, GEICO DENIES this Request based on its objections.

(*Id.* at 5) (formatting omitted). Defendant also objected to and denied Plaintiff's revised RFA 11. (*Id.* at 6-7).

The parties held another meet and confer on December 30, 2025, during which they discussed potential further revisions to RFA 11 centered around removing "the suggestion that GEICO use[s] [CCC] reports to determine vehicle values." (Dkt. 83 at

---

[2]   Revised RFA 8 is the last served iteration of this request.

- 4 -

¶ 37). On December 31, 2025, Plaintiff served a second revised set of RFAs. (*Id.* at ¶ 38). The second revised RFA 11 ("Second Revised RFA 11") requests:

> 11. Admit that the valuation reports You obtain from CCC Intelligent Solutions Inc. when adjusting first party claims for total loss by Your New York policyholders during the Relevant Time Period were generated using one or more computerized databases.[3]

(Dkt. 83-10 at 4) (formatting omitted).

On January 7, 2026, Defendant served its second amended responses and objections. (Dkt. 83 at ¶ 39). Defendant again interposed objections based on, *inter alia*, its view that the request relies on incorrect assumptions about GEICO's use of CCC reports. (Dkt. 83-11 at 4). After interposing its objections, Defendant's response to Second Revised RFA 11 states:

> Subject to and without waiving these objections, GEICO DENIES Plaintiff's Second Revised Request for Admission No. 11.

(*Id.* at 5).

On January 9, 2026, the Court held a second telephonic discovery conference with the parties. (Dkt. 80). When it became apparent during the conference that the parties were at an impasse with respect to their informal efforts to resolve the RFA dispute, the Court set a briefing schedule for the instant motion. (*See id.*).

Plaintiff filed the instant motion on January 16, 2026. (Dkt. 82). With respect to Revised RFA 8, Plaintiff argues that Revised RFA 8 does not constitute a new request served outside the class-focused fact discovery period and requests that the Court order Defendant to amend its response. (Dkt. 82-1 at 14-18). Plaintiff further

---

[3]   Second Revised RFA 11 is the last served iteration of this request.

argues that if the Court *were* to find that Revised RFA 8 constitutes a new request, then there is good cause to modify the Scheduling Order to accommodate the request. (*Id.* at 18-21). With respect to Second Revised RFA 11, Plaintiff argues that Defendant's response is evasive and lacks a good faith basis, and that the Court should therefore order Defendant to amend its response or, alternatively, deem the request admitted. (*Id.* at 8-13). In support of her arguments regarding Second Revised RFA 11, Plaintiff has submitted to the Court a brief filed by Defendant in a proceeding in the United States District Court for the District of New Jersey, in which Defendant makes statements indicating that the CCC valuation reports are from a computer database. (*See* Dkt. 83-12 at 24, 27). Plaintiff asserts that these statements are inconsistent with Defendant's denial of Second Revised RFA 11. (Dkt. 82-1 at 12).

In opposing Plaintiff's motion, Defendant argues that, notwithstanding its various objections, at every iteration it has "completely and properly" and "unequivocally" denied RFAs 8 and 11 and the revisions thereto, and that its responses are therefore adequate under Rule 36. (Dkt. 84). With respect to Revised RFA 8, specifically, Defendant continues to assert that it need not respond because, as reworded, it is a new request served outside the class-focused fact discovery period. (*Id.* at 9-10). Nonetheless, Defendant maintains that it provided an unequivocal denial of Revised RFA 8. (*Id.* at 10). Defendant further urges the Court to enforce the Scheduling Order deadlines and reject "Plaintiff's belated request to engage in . . . fact discovery . . . after the close of class-focused discovery[.]" (*Id.* at 10-12) (emphasis omitted). Lastly, Defendant asks the Court to award it the reasonable expenses,

including attorney's fees, it incurred in opposing Plaintiff's motion, pursuant to Rule 37(a)(5)(B). (*Id.* at 12).

Plaintiff filed a reply asserting that Defendant's responses to Revised RFA 8 and Second Revised RFA 11 are neither complete and proper nor unequivocal and fail to respond to the substance of Plaintiff's requests. (Dkt. 86). Plaintiff also opposes Defendant's request for attorney's fees. (*Id.* at 14).[4]

## DISCUSSION

### I.  Legal Standard

As applicable here, Rule 36 provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of [relevant discovery] relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1). A Rule 36 RFA "is not a discovery device. The

---

[4]  On March 11, 2026, Defendant filed a "Notice of Pertinent Record Development," advising the Court that, on March 9, 2026, Plaintiff served Defendant with her reply in support of her motion for class certification. (Dkt. 87). Defendant notes that Plaintiff represented that she was seeking an amended response to Revised RFA 8 so that she could use it in connection with the briefing on her motion for class certification. (*Id.* at 1). Since that motion is now fully briefed, Defendant claims that the instant motion is moot with respect to Revised RFA 8. (*Id.* at 2). Plaintiff filed a response on March 12, 2026, arguing that the instant motion is not moot. (Dkt. 88).

The Court declines to hold that Plaintiff's motion is moot with respect to Revised RFA 8. As discussed further below, "[t]he purpose of a Rule 36 request is to narrow the issues for trial, not to lead to the discovery of admissible evidence as with other discovery devices[.]" *Woodward v. Holtzman*, 329 F.R.D. 16, 25 (W.D.N.Y. 2018) (citation omitted). Accordingly, the value in receiving an amended response to Revised RFA 8 is not necessarily limited to the class certification stage of the proceedings, regardless of the fact that Plaintiff cites her class certification motion as a reason for seeking the Court's intervention in this dispute.

purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *United States v. Veeraswamy*, 347 F.R.D. 591, 599 (E.D.N.Y. 2024) (quotation omitted).

If a party served with an RFA does not admit a matter, then its answer may take several forms. First, the responding party can "specifically deny" the matter. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter," *id.*, though "[s]imply stating 'denied' is often sufficient," *Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-CV-2000 (CSH), 2021 WL 5904021, at *3 (D. Conn. Dec. 14, 2021); *see also Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15CIV8775LGSGWG, 2017 WL 11567699, at *1 (S.D.N.Y. Aug. 8, 2017) ("a party may deny a request for admission without giving any further explanation").

Alternatively, the responding party can "when good faith requires[,] . . . qualify an answer or deny only part of a matter." Fed. R. Civ. P. 36(a)(4). A qualified denial may be appropriate if a particular aspect of the request, "although containing some truth, standing alone out of context of the whole truth conveys unwarranted unfair references." *Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909KMWHBP, 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009) (quotation omitted). "Though qualification may be required where a request contains assertions which are only partially correct, a reviewing court should not permit a responding party to undermine the efficacy of the rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." *Thalheim v. Eberheim*, 124 F.R.D. 34,

35 (D. Conn. 1988). Rather, "[a]ny qualifications should provide clarity and lucidity to the genuineness of the issue[.]" *Wiwa*, 2009 WL 1457142, at *5 (quotation omitted). "Nevertheless, the bar for a qualified denial should not be set too high and a response should be deemed sufficient if it reasonably informs the requesting party what is being admitted or denied." *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, No. 18CIV2442JPCSLC, 2021 WL 423473, at *3 (S.D.N.Y. Feb. 8, 2021) (quotation and alterations omitted).

As yet another option, a responding party can "state in detail why the . . . party cannot truthfully admit or deny [the matter]." Fed. R. Civ. P. 36(a)(4). However, a party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

A responding party can also object to an RFA. *See* Fed. R. Civ. P. 36(a)(5). "[W]here requests for admission . . . are unduly burdensome, a court may excuse a party from responding to the requests." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018). "However, because [R]ule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden in responding where the responding party can make the necessary inquiries without extraordinary

expense or effort[.]" *T. Rowe Price Small-Cap Fund*, 174 F.R.D. at 43 (quotation and alterations omitted).

Under Rule 36(a)(6), "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). Upon finding that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id.* "A court has substantial discretion under Rule 36 to determine the propriety of both the requests and the answers and objections." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 21 CIV. 7504 (VSB), 2023 WL 1879521, at *3 (S.D.N.Y. Feb. 10, 2023) (quotation and alteration omitted).

In determining the sufficiency of an answer, "the court's role is to ensure the formalities of Rule 36(a) are observed." *Azkour v. Haouzi*, No. 11-CV-5780 RJS KNF, 2014 WL 4467897, at *10 (S.D.N.Y. Sept. 9, 2014) (quotation and alteration omitted). "As long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court is not empowered to compel the responding party to change an answer to conform to the 'truth' or to any particular theory or other evidence." *Id.* (quotation and alteration omitted). Accordingly, "the requesting party may not use a motion challenging the sufficiency of a response to litigate its accuracy." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 WL 9549505, at *3 (S.D.N.Y. Nov. 30, 2020) (quotation and alteration omitted).

Rule 37(c)(2), not Rule 36, is the "appropriate deterrent" for false answers. *See* Fed. R. Civ. P. 36, Advisory Committee Notes to 1970 Amendments. Subject to certain

enumerated exceptions, Rule 37(c)(2) provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(a)(2).

## II. Application

### A. Revised RFA 8 Does Not Constitute a New Request

As an initial matter, the Court addresses Defendant's argument that it need not respond to Plaintiff's Revised RFA 8 because it is a new request served after the close of the class-focused fact discovery period. Defendant claims that Revised RFA 8 "is not a narrowing or clarification" of the initial RFA 8, but rather asks GEICO "to admit a different fact." (Dkt. 84 at 9-10). Therefore, since Revised RFA 8 was served on December 4, 2025, and the deadline to complete class-focused discovery under the Scheduling Order was October 15, 2025, Revised RFA 8 is, according to Defendant, untimely.

The Court disagrees with Defendant's position. Defendant objected to Plaintiff's initial RFA 8 in part on the grounds that it would require an unduly burdensome "individual claim file by claim file review of every first-party total loss claim GEICO adjusted in New York between July 17, 2018 and the present." (Dkt. 83-2 at 3-4). Revised RFA 8 is a reasonable attempt to narrow the request in response to Defendant's objection. Whereas the initial RFA 8 asked whether Defendant "elected to make a cash settlement" for first party total loss claims, Revised RFA 8

asks instead whether making a cash settlement was Defendant's "general practice, policy, or procedure." (Dkt. 83-7 at 3). In other words, while the initial RFA 8 arguably asked whether Defendant elected to make a cash settlement for every first party total loss claim, Revised RFA 8 clarifies that Plaintiff is not asking Defendant to guarantee that there were no exceptions to its general practice.

Both versions of RFA 8 are clearly concerned with Defendant's practice with respect to making cash settlements; however, Revised RFA 8 is less susceptible to Defendant's claim of undue burden, as it is reasonable to believe that a company's general practices, policies, or procedures can be ascertained without the need for an individualized inquiry. Defendant's highly technical reading of the initial RFA 8 as having "asked GEICO to admit a specific fact [that] actually occurred" does not persuade the Court that Revised RFA 8 is a substantively different request.

In addition, Revised RFA 8 was a byproduct of the Court's direction to the parties during the November 18, 2025 discovery conference to make further efforts to meet and confer regarding this dispute. (*See* Dkt. 77). Plaintiff "should not be penalized for narrowing [her] request in response to the Court's instruction to continue meeting and conferring." *Conservation L. Found., Inc. v. Pike Fuels Ltd. P'ship*, No. 3:21-CV-00932 (SVN) (TOF), 2025 WL 2987007, at *4 (D. Conn. Oct. 23, 2025) (overruling objection that reworded request for admission constituted a new request and was therefore untimely under scheduling order).

For these reasons, the Court does not find that the Scheduling Order is a bar to addressing the sufficiency of Defendant's response to Revised RFA 8. And for the

same reasons, there is no need to modify the Scheduling Order to accommodate Revised RFA 8, and the Court need not address the parties' arguments with respect to that issue.

## B. Defendant Must Serve an Amended Answer to Revised RFA 8

The Court now turns to Defendant's response to Revised RFA 8. Defendant's response to Revised RFA 8: (1) incorporates its general objections; (2) objects to certain overarching instructions and definitions; (3) objects on the aforementioned grounds that Revised RFA 8 is a new and untimely request; (4) objects that the request "relies on assumptions not supported by the record in this case"; (5) objects that the request would require an individualized claim-by-claim review that would be "unduly burdensome and not appropriate for a putative class action"; and (6) denies the request "based on its objections." (Dkt. 83-7 at 3-5) (formatting omitted).

The Court does not consider this response to be a "complete and proper" or "unequivocal" denial of Revised RFA 8. To the contrary, by phrasing its denial as being "based on its objections," Defendant makes it unclear whether the response is actually denying the substance of Plaintiff's request, or if it is merely interposing objections.

Defendant's particular objection that Revised RFA 8 "relies on assumptions not supported by the record"—which is followed by a lengthy narrative about GEICO's adjustment process for total loss claims—appears to be in the vein of a qualified denial. But to the extent Defendant's response is intended as a qualified denial, it fails to specifically inform Plaintiff what aspects of the request are being

admitted or denied. *See Wiwa*, 2009 WL 1457142, \*6 (ordering party to amend responses to "remove their open-ended qualifications, and . . . state their remaining qualifications with *specificity*"). Courts have found similarly phrased denials, which dispute perceived underlying assumptions but do not otherwise respond to the substance of the request, to be deficient. *See, e.g., Wang*, 2021 WL 5904021, at \*9 (requiring party to amend response that denied "the implications and insinuations of [the] Request"); *Foti v. City of Jamestown Bd. Of Pub. Utilities*, No. 10CV575A, 2014 WL 3842376, at \*11-12 (W.D.N.Y. Aug. 5, 2014) (requiring party to amend response that denied request "because it contain[ed] an [objectionable] inference").

Accordingly, Plaintiff's motion is granted to the extent that, within 14 days of entry of this Decision and Order, Defendant must serve Plaintiff with an amended answer to Revised RFA 8 that complies with Rule 36. Any denial set forth therein must be specific and cannot be "based on" objections, but to the extent a qualified response is required in good faith, Defendant must make clear what is being admitted and what is being denied.

### C. Defendant Need Not Amend its Response to Second Revised RFA 11

The Court reaches a different conclusion with respect to Defendant's response to Second Revised RFA 11. Defendant's response to Second Revised RFA 11 interposes a similar series of objections as its response to Revised RFA 8, but ultimately denies the request, stating "[s]ubject to and without waiving these objections, GEICO DENIES Plaintiff's Second Revised Request for Admission No. 11." (Dkt. 83-11 at 5) (formatting omitted).

The Court finds this denial to be sufficiently specific. In reviewing Plaintiff's motion papers, it is apparent that her issues with Defendant's response to Second Revised RFA 11 are directed at Defendant's objections, not its answer. (*See* Dkt. 82-1 at 8 (arguing that "GEICO continues to assert baseless objections"), 10-13 (arguing that "[e]ach of GEICO's objections to Plaintiff's second revised RFA No. 11 is improper"); Dkt. 86 at 7-10). However, courts that have considered the relationship between objections and answers in the context of requests for admission have recognized that as long as the responding party specifically denies a request, Rule 36 is satisfied and the propriety of any objections that are also interposed to the request is immaterial. *See Richard v. Dignean*, 332 F.R.D. 450, 462 (W.D.N.Y. 2019) (collecting cases).[5] Plaintiff does not point to any instance in the cases she cites where a responding party was ordered to amend its response despite putting forth a specific denial phrased in straightforward terms. Here, because Defendant has specifically denied Second Revised RFA 11, the Court has no occasion to assess the merits of its objections.

Moreover, Plaintiff's arguments regarding the accuracy of Defendant's denial of Second Revised RFA 11 are inapposite. As explained above, a Rule 36 motion to determine the sufficiency of a response is not the appropriate vehicle to litigate its accuracy. "[A] response can be sufficient, even if it is not ultimately determined to have been accurate." *Adams v. Taylor*, No. 6:21-CV-06056 EAW, 2024 WL 5054888,

---

[5] In *Richard*, the court also found the responding party's denials to be sufficiently specific notwithstanding the fact that they, like Defendant's response here, were made "subject to" their objections.

- 15 -

at *3 (W.D.N.Y. Dec. 10, 2024) (quotation and alteration omitted). And at this stage, "the Court evaluates responses for their sufficiency, rather than their accuracy." *Ayazi v. New York City Dep't of Educ.*, No. 98 CV 7461 (NGG), 2011 WL 13302243, at *3 (E.D.N.Y. Apr. 5, 2011) (quotation and alteration omitted). Any "contradictions . . . to the extent that they exist, cast doubt on the accuracy, not the sufficiency, of [Defendant's] response[]." *Wiwa*, 2009 WL 1457142, at *6 (emphasis omitted).

The Court further declines to consider Plaintiff's submission of evidence from other proceedings in support of her accuracy arguments. Rule 36 "does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence." *Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997). Even on a Rule 37(c)(2) motion, "when the requesting party cites evidence that a denied matter is true," courts require "that the matter be proven true before a finder of fact" prior to imposing sanctions. *See Express Freight Sys. Inc. v. YMB Enters. Inc.*, No. 20 CV 186 (ARR)(LB), 2022 WL 2467176, at *3 (E.D.N.Y. Mar. 29, 2022) (quotation omitted).

For these reasons, the Court denies Plaintiff's motion as to Defendant's response to Second Revised RFA 11.

### D.     Defendant's Request for Expenses and Fees

Lastly, Defendant argues that the Court should award GEICO the reasonable expenses, including attorney's fees, it incurred in having to oppose Plaintiff's motion,

citing Rule 37(a)(5)(B).[6] (Dkt. 84 at 12). However, Rule 37(a)(5)(B) only applies when the underlying motion is denied. Because the Court is granting Plaintiff's motion in part, Rule 37(a)(5)(B) does not provide a basis for expenses. The Court also declines to exercise its discretion to award expenses under Rule 37(a)(5)(C), which applies when the underlying motion is granted in part and denied in part. Because each party prevailed as to one of the two RFAs at issue, any award of expenses is not warranted. *See, e.g.*, *Tripathy v. Schneider*, No. 21-CV-6339-FPG-MJP, 2025 WL 1359280, at *10 (W.D.N.Y. May 9, 2025) (declining to award attorney's fees under Rule 37(a)(5)(C) where "both parties prevailed on significant portions of [the] motion to compel").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to determine the sufficiency of Defendant's responses to Plaintiff's requests for admission is granted in part and denied in part. Within 14 days of entry of this Decision and Order, Defendant must serve Plaintiff with an amended answer to Revised RFA 8 that complies with Rule 36 and corrects the deficiencies identified herein. All other requested relief is denied.

**SO ORDERED**.

_Colleen D. Holland_
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         March 13, 2026

---

[6]   Rule 36 provides that Rule 37(a)(5) applies to an award of expenses in connection with a motion to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6).